1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ROY WARDEN,                                    )                    No. CV 00190-CRP
                                               )
        Plaintiff,                             )                    **ORDER**
                                               )
vs.                                            )
                                               )
                                               )
MIKE GILHOOLY, et. al.,                        )
                                               )
        Defendants.                            )
                                               )
_____            )

      Defendants move this Court for an order granting Summary Judgment on Plaintiff's Section 1983 action. (Doc 56).  Plaintiff, Roy Warden, failed to reply and instead filed a Motion to Stay the Scheduling Order.  (Doc 59).  Subsequently Plaintiff filed a Motion to Dismiss Without Prejudice (Doc 64) as well as a Motion for Default Judgment as to Defendants Colwell and Salcido (Doc 65). For the reasons discussed below, the Court grants the Defendants' Motion for Summary Judgment (Doc 56), and grants in part Plaintiff's Motion to Dismiss Without Prejudice (Doc 64) only for those claims that were not adequately addressed in Defendants' Motion for Summary Judgment.  The Court also denies Plaintiff's Motion for Default Judgment as to Defendants Colwell and Salcido (Doc 65).  Plaintiff's Motion to Stay the Scheduling Order (Doc 59) is denied as moot.

**FRCP 41: COURT DISMISSAL UPON PARTY'S REQUEST**

      Federal Rule of Civil Procedure 41(a)(2) provides, "except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Unless otherwise

1  indicated by the court, a dismissal under 41(a)(2) is without prejudice. *Id.* When ruling on

2  a motion to dismiss without prejudice, the court should grant the motion unless the

3  defendant will suffer legal prejudice as a result of the dismissal. *Hyde & Drath v. Baker*,

4  24 F.3d 1162, 1169 (9th Cir. 1994) (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679

5  F.2d 143, 145 (9th Cir. 1982)).

6      Legal prejudice means "prejudice to some legal interest, some legal claim, some

7  legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

8  Legal prejudice may be present, *inter alia*, where: the action had long been pending and

9  plaintiff had not been diligent; the plaintiff provides an insufficient explanation for

10  dismissal; the answer shows that the plaintiff's claim is barred by the statute of

11  limitations; or the motion was made after defendant had moved for summary judgment.

12  *Blue Mountain Constr. Co. v. Werner*, 270 F.2d 305, 310 (9th Cir. 1959) (citing 5 JAMES

13  WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE 1021 (2d ed.)); *accord Kunz v.

14  DeFelice*, 538 F.3d 667, 677-78 (7th Cir. 2008). Moreover, Rule 41(a)(1) allows for the

15  plaintiff to voluntarily dismiss an action without court order only if it is *before* the

16  opposing party serves either an answer or a motion for summary judgment. FED. R. CIV.

17  P. 41(a)(1)(A)(i) (emphasis added). Imposing court oversight after the opposing party has

18  served their motion for summary judgment indicates that courts should look closely at

19  such issues to determine whether legal prejudice is present. *See* FED. R. CIV. P.

20  41(a)(1)(A)(i).

21      However, plain legal prejudice does not result merely due to the threat of future

22  litigation, *Westlands*, 100 F.3d at 96, or where defendant would be inconvenienced by

23  having to defend in another forum. *Hamilton*, 679 F.2d at 145. Moreover, legal prejudice

24  is not present where defendants incurred substantial expense in litigating the lawsuit. *Id.*

25  at 146. Rather, the court can protect the defendant's interests by conditioning the

26  dismissal without prejudice upon costs and attorney fees. *Westlands*, 100 F.3d at 97.

27      Here, legal prejudice is present, in part, due to the fact that this action has been

28

1    pending for two years. Moreover, Warden has been dilatory both in responding to
2    Defendants' motions and in meeting court deadlines. Warden did not file a response to
3    Defendants' Motion for Summary Judgment, after being informed by this Court of the
4    necessity of filing a response and the deadline for which to do so. (Doc. 58). Rather than
5    file a response, Warden filed a Motion to Stay the Proceedings for one year, and later
6    moved to have his suit dismissed without prejudice. (Doc. 59, 64).  In addition, Warden
7    never conducted any discovery throughout the period between the filing of the Court's
8    Scheduling Order and the Discovery deadline, a period that spanned the course of six
9    months. Neither did Warden answer the 12 interrogatories or the two requests for
10   production filed by the Defendants on July 1, 2008. Additionally, legal prejudice is also
11   present due to the presence of Defendants' Motion for Summary Judgment, which was
12   filed before Warden's Motion to Dismiss.

13        The Court finds that legal prejudice to the Defendants is present and thus
14   Warden's Motion to Dismiss Without Prejudice is not granted with respect to those
15   claims that were adequately addressed in Defendants' Motion for Summary Judgment.

16   **FRCP 56: MOTION FOR SUMMARY JUDGMENT**

17        Summary judgment should be rendered if "the pleadings, the discovery and
18   disclosure materials on file, and any affidavits show that there is no genuine issue as to
19   any material fact and that the movant is entitled to judgment as a matter of law." FED. R.
20   CIV. P. 56(c). When making this decision, the court must accept all of the nonmoving
21   party's properly supported fact assertions as true, and must give the nonmoving party the
22   benefit of all reasonable inferences that can be drawn from the fact record before it.
23   *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

24        Where a rational trier of fact could not find for the non-moving party, based on the
25   record as a whole, there is no "genuine issue" for trial. *Matsushita Elec. Indus. Co. Ltd. v.*
26   *Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Conversely, a trial is needed if the
27   evidence is such that a "reasonable jury could return a verdict for the nonmoving party."
28

*Anderson*, 477 U.S. at 248. The non-moving party must offer more than a "scintilla" of proof to support its claim and withstand summary judgment. *Id*. at 252. The court must thus ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

A party moving for summary judgment initially must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This can be done either by negating the plaintiff's ability to meet a required element of its claim, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-60 (1970), or by pointing out to the court the absence of evidence supporting its opponent's claims. If the opposing party does not respond to the motion for summary judgment, summary judgment should, if appropriate, be entered against that party. FED. R. CIV. P. 56(e)(2). The court may not grant summary judgment solely because the motion is unopposed. Rather, the court must analyze whether the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56, Rules and Commentary. However, the nonmovant's failure to oppose the motion will likely be deemed by the court to mean that they have conceded to all of the moving party's properly supported facts. FED. R. CIV. P. 56, Rules and Commentary.

**First Amendment Retaliation Claims**

Official reprisal for First Amendment protected speech "offends the Constitution [because] it threatens to inhibit exercise of the protected right." *Crawford-El v. Britton,* 523 U.S. 574, 589 n. 10 (1998); *accord Perry v. Sindermann,* 408 U.S. 593, 597 (1972) (noting that the government may not punish a person or deprive him of a benefit on the basis of his "constitutionally protected speech").

A claim of First Amendment Retaliation requires the plaintiff to prove defendant deterred or chilled his "political speech and [that] such deterrence was a substantial or motivating factor in [defendant's] conduct." *Menotti v. City of Seattle*, 409 F.3d 1113, 1155 (9th Cir. 2005) (quoting *Sloman v. Tadlock*, 21 F.3d 1462, 1460 (9th Cir. 1994));

*accord Skoog v. County of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006) (holding a retaliation claim requires that the plaintiff prove defendant took action that would chill a person of ordinary firmness from future First Amendment activities, and that defendant's desire to cause the chilling effect was a but-for cause of their action). The Tenth Circuit, in stating a comprehensive test for First Amendment retaliation claims, requires that the plaintiff prove: (1) the plaintiff was engaged in constitutionally protected activity, (2) defendant's conduct caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's conduct was substantially motivated against P's exercise of constitutionally protected conduct. *Worrell v. Henry*, 219 F.3d 1197, 1212-13 (10th Cir. 2000).

In making a First Amendment claim, plaintiffs need only prove that the "officials' actions would have chilled or silenced a 'person of ordinary firmness from future First Amendment activities,' not that their speech and petitioning were 'actually inhibited or suppressed.'" *White v. Lee*, 227 F.3d 1214, 1241 (9th Cir. 2000) (quoting *Mendocino Envtl. Ctr. v. Mendocino County,* 192F.3d 1283, 1300 (9th Cir. 1999)). The defendant's intent to inhibit speech can be proven through either direct or circumstantial evidence, either of which are sufficient to survive a motion for summary judgment. *See Magana v. Commonwealth of N. Mariana Islands*, 107 F.3d 1436, 1447 (9th Cir. 1997).

Although the defendant argues that a plaintiff must allege lack of probable cause to support a First Amendment retaliation claim, such a requirement is only applicable in cases involving complicated causation problems, such as retaliatory prosecution claims. *Beck v. City of Upland*, 527 F.3d 853, 864 n.12 (9th Cir. 2008). Pleading a lack of probable cause is not required in an "ordinary retaliation claim," such as the claim brought here by Warden. *Id.*; *see Skoog v. County of Clackamas*, 469 F.3d 1221, 1234 (9th Cir. 2006) (finding an ordinary retaliation claim to be present where the plaintiff alleged officers retaliated against his previous First Amendment right to bring a suit against other officers regarding a DUI charge). Moreover, the presence of probable cause

does not negate a First Amendment retaliation claim. *Crawford-El v. Britton*, 523 U.S. 574, 593-94 (1998) (finding the dissenting opinion to be "unprecedented" where it argued that retaliation claims cannot be maintained if probable cause for the officer's actions exists). Thus, the presence of probable cause does not foreclose Warden from prevailing on his retaliation claims.

However, although the presence of probable cause does not nullify a First Amendment retaliation claim, the presence of probable cause is still an important indicator of lack of retaliatory intent. *Hartman v. Moore*, 547 U.S. 250, 265 (2006). The Ninth Circuit echoed this idea when they stated, "[a] right exists to be free of police action for which retaliation is a but-for cause *even if* probable cause exists for that action." *Skoog v. County of Clackamas*, 469 F.3d 1221, 1235 (9th Cir. 2006) (emphasis added).

**(A) April 11, 2006 Arrest by Brian Moore**

Warden alleges that on April 11th, 2006, he was arrested by Defendant Moore for events that occurred while participating in a lawful political demonstration at Armory Park on April 10, 2006. (Doc. 52, 8). He was charged with reckless burning, criminal damage, and assault, but was subsequently acquitted. (Doc. 52, 8). However, Defendant Moore was never served with a Summons and a copy of the complaint. Due to the fact that more than 120 days have passed from the August 1, 2008 Order permitting Brian Moore's inclusion in this action to present, the Court finds that Brian Moore is dismissed without prejudice from this action. FED. R. CIV. P. 4(m).

**(B) April 2006 Visit From Robinson**

Warden alleges that several days after his April 11, 2006 arrest, Officer Robison visited his residence and promised Tucson Police Department ("TPD") protection at future rallies and events if Warden agreed not to demonstrate on May 1, 2006. (Doc. 52, 9). Defendant's Motion for Summary Judgment argues that this conversation was

1   voluntary and not characterized by coercion of any kind, and that Warden waived his

2   First Amendment rights in this encounter. (Doc. 56, 4-5).

3          The facts alleged by Warden, if believed at trial, indicate that he was previously

4   engaged in the constitutionally protected activity of free speech. However, the alleged

5   conduct of Robinson in requesting that Warden not attend a rally on May 1, 2006 and her

6   offer of TPD protection for all future rallies if Warden acquiesced, is unlikely to prevent a

7   reasonable individual from continuing to engage in that activity. A mere request from an

8   officer is unlikely to chill a person of ordinary firmness from abstaining from such

9   behavior where no potential repercussions were intimated. Moreover, this did not prevent

10  Warden from continuing to engage in this activity, as he continued to attend rallies and

11  political events after speaking with Robinson. In fact, the promise of protection at future

12  events explicitly contemplated continued future exercise of Warden's free speech rights.

13         This was a voluntary agreement between Warden and Robinson that he would not

14  attend one specific rally on May 1, 2006. The Court finds that, construing Warden's

15  assertions as true, a genuine issue of material fact does not exist with respect to this claim.

16  Therefore, Defendant's Motion for Summary Judgment is granted.

17
18         **(C) August 17, 2006 - Robinson's Request that Warden Stop or he Would be Arrested**

19         Warden alleges that Robinson's request on August 17, 2006 that Warden and

20  others move from their location at Armory Park where they were holding a rally was an

21  impermissible restriction on his speech in time, place or manner. (Doc 52,  12).

22  Defendants argue that Robinson's requests that Warden move only a short distance away

23  were narrowly tailored and content-neutral. (Doc 56, 6).

24         Such a restriction is permissible only if it is content neutral, is narrowly tailored to

25  serve a significant government interest, and leaves open ample alternative channels for

26  communication of plaintiff's message. *See Ward v. Rock Against Racism*, 491 U.S. 781,

27  791 (1989).

28

Even construing the plaintiff's alleged facts as true, the restriction was content-neutral because Warden and his supporters were the only group present outside the Armory Park Community Center. Therefore, the officers were not imposing their requests upon Warden in a biased or discriminatory manner. Moreover, Robinson's request that Warden move one-half a block away from the Community Center was narrowly tailored in that Warden was moved only a short distance away and was allowed to continue speaking in a location that minimized interference with the exclusive use of the Community Center. This restriction was implemented to serve the significant government interest of preventing Warden's interference with the intended exclusive use of the Community Center and left open alternative channels for communication of plaintiff's message. Thus, even construing all facts in Warden's favor, there is no genuine issue of fact due to Warden's inability to provide a genuine issue of material fact regarding the alleged impermissible restriction on his First Amendment rights.

Moreover, the Court finds that although Warden was engaged in the constitutionally protected activity of free speech, the officer's requests did not cause him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity. Rather, Robinson merely required that Warden express himself from one-half block away. Thus, a rational trier of fact could not find for Warden, and Defendants are entitled to summary judgment.

**(D) March 19, 2007- Citation for Decibel Violation at Rally by Gilhooly and observed by Coleman**

Warden alleges a claim of First Amendment retaliation for a citation he received in violation of Tucson City Code Section 16-31(A) while at a rally located at the Tucson Weekly Public Forum. (Doc 52, 14). Section 16-31(A) authorizes issuance of a citation for ranging decibel violations as determined by time of day and location, amongst other factors. Warden argues that he was cited for violation of the city sound ordinance without

a determination that he had exceeded the decibel limits of the city code.[1] (Doc 52, 14).  In contrast, Defendants' motion for Summary Judgment argues that the probable cause present for the citation negates Defendants' motivation for taking the alleged adverse action. (Doc 56, 4).

The Court finds that Warden was engaged in the constitutionally protected activity of free speech, and that Defendants' citation caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity. However, construing Warden's assertions as true, there is no indication that Gilhooly's conduct was substantially motivated against Warden's exercise of constitutionally protected free speech.

The Ninth Circuit has held that where plaintiff did not depose defendants, offered no proof of retaliatory intent, and strong evidence of probable cause existed, summary judgment was appropriate. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008).

Similarly, here, plaintiff has not deposed defendants nor offered circumstantial proof of retaliatory intent. Moreover, although there is no proof that Warden violated the decibel levels prescribed in TCC 16-31(A), Gilhooly had probable cause to believe that Warden was violating the Tucson City Code, as corroborated by the numerous complaints received by Coleman. (Doc 56, Ex. 1 & 3). These affidavits revealed that the officers received multiple complaints from employees of nearby office buildings that the high volume of the rally inhibited their ability to work. The presence of probable cause support defendants' arguments of lack of retaliatory intent, *see Hartman*, 547 U.S. at 265, and in fact, no retaliatory intent is alleged in Warden's complaint. Defendants have shown the absence of a genuine issue of material fact with respect to this First Amendment

---

[1] Section 16-30(B) of the code authorizes issuance of a citation where an individual disturbs the peace and quite via a "raucous vocalization by a person or group of people" or "continuous or intermittent noise that persists for a period of at least 15 minutes" by an amplifier.

1   retaliation claim, and thus this Court finds that Defendants are entitled to summary

2   judgment.

3       **(E) March 31, 2007 Arrest**

4

5       Defendants argue in their Motion for Summary Judgment that probable cause

6   existed to arrest Warden in connection with his activities on March 26, 2007. (Doc 56,

7   Ex. 5 & 8). Moreover, Defendants allege that there is undisputed evidence that officers

8   did not hear, nor paid attention to the content of Warden's speech on March 26, 2007.

9   (Doc 56, Ex. 9).

10      The Court finds that Warden was engaged in the constitutionally protected activity

11  of free speech, and that defendants' arrest of Warden caused him to suffer an injury that

12  would chill a person of ordinary firmness from continuing to engage in that activity.

13  However, summary judgment is appropriate on this claim because Warden did not depose

14  defendants, offered no proof of retaliatory intent, and strong evidence of probable cause

15  existed for the arrest. *See Dietrich*, 548 F.3d at 901. Even construing Warden's alleged

16  facts as true, Warden has not demonstrated a genuine issue of material fact that

17  Coleman's arrest was substantially motivated by attempts to deter Warden's political

18  speech, and thus summary judgment is appropriate. Based on Warden's inability to allege

19  a genuine issue of material fact in this First Amendment retaliation claim, this Court finds

20  that the defendants are entitled to summary judgment.

21      Under Local Rule 54.1(d), the prevailing party on a motion for summary judgment

22  is entitled to costs. LOCAL R. CIV. 54.1(d). However, the prevailing party need not

23  succeed on every issue to be entitled to costs. *Id*. The Court orders that the Defendants,

24  within ten days after the entry of final judgment, file with the Clerk of Court and serve

25  upon all parties, a bill of costs  according to the specifications of the rule. *See* LOCAL R.

26  CIV. 54.1(a). Pursuant to the rule, Warden will have ten days after service of the bill of

27  costs, to object to any cost item by filing itemized objections in writing with the Clerk

28

1   and may present affidavits or other evidence in connection with the costs and the grounds

2   for objection. *See* LOCAL R. CIV. 54.1(a). The Court also orders the Clerk to serve a copy

3   of Local Rule 54.1 on the Plaintiff, Roy Warden.

4   **First Amendment Retaliation Claims Unaddressed in Defendants' Motion for Summary Judgment**

5          Under Rule 56, the party seeking summary judgment bears the initial burden of

6   informing the court of the basis for its motion and identifying those portions of the

7   pleadings, depositions, answers to interrogatories, admissions, and affidavits which it

8   believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at

9   323. "Where the evidentiary matter in support of the motion does not establish the

10  absence of a genuine issue, summary judgment must be denied even if no opposing

11  evidentiary matter is presented." FED. R. CIV. P. 56, advisory committee note (1963).

12         This Court, along with Judge Jorgensen, determined that the following claims were

13  entitled to proceed. However, Defendants' Motion for Summary Judgment does not

14  address these claims. Due to Defendants' failure to address these claims, and their failure

15  to establish the absence of genuine issues of material fact, summary judgment is not

16  granted on these claims. However, Plaintiff's subsequent Motion to Dismiss Without

17  Prejudice is granted on the following:

18

19         **(A) March 19, 2007- Failure of Officers Gilhooly and Coleman to Take Action When Protestors Insulted Warden**

20

21         Warden alleges that on March 19, 2007, he convened at the Tucson Weekly Public

22  Forum where individuals swore at him, spit on him, and threatened him in front of TPD

23  Officers, who failed to arrest the offending individuals, thus violating his First

24  Amendment rights. (Doc 52, 13). Officers Gilhooly and Coleman "stood idly by and

25  made no effort to stop the assaults or maintain public order." (Doc 52, 13). Due to

26  Defendants' failure to adequately address this claim, the Court grants Plaintiff's Motion

27  to Dismiss Without Prejudice.

28

1

**(B) March 26, 2007- Failure of Officers Trainor and Coleman to Take Action When Protestors Insulted Warden**

2

3    Warden alleges that on March 26, 2007, he convened at the Tucson Weekly

4  Public Forum where individuals swore at him, spit on him, and threatened him in front of

5  TPD Officers. (Doc 52, 13). He states that the officers failed to arrest the offending

6  individuals, thus violating his First Amendment rights. *Id*. Warden additionally alleges

7  that Trainor smiled after observing the offending conduct, and that Warden later stated to

8  Officers Trainor and Coleman, "He spit on me! Go arrest him. Hop to it, Boy!" (Doc 52,

9  15). Due to Defendants' failure to adequately address this claim, the Court grants

10  Plaintiff's Motion to Dismiss Without Prejudice.

11    Therefore,

12

13    **IT IS ORDERED GRANTING**  Defendant's Motion for Summary Judgment.
   (Doc 56).

14

15    **IT IS FURTHER ORDERED GRANTING** in part, denying in part, Plaintiff's
   Motion to Dismiss **without prejudice**.  (Doc 64).

16

17    **IT IS FURTHER ORDERED DENYING** Plaintiff's Motion to Stay the
   Scheduling Order.  (Doc 59).

18

19    **IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for Default
   Judgment as to Defendants Colwell and Salcido.  (Doc 65).  The Court previously denied
   Plaintiff's claims as to Defendants Colwell and Salcido in its Order dated August 1, 2008.
20  (See Doc 51).

21

22    **IT IS FURTHER ORDERED** the Clerk of the Court shall close its file in this
   matter.

23    DATED this 3${}^{rd}$ day of April, 2009.

24

25

26  **CHARLES R. PYLE**

27  **UNITED STATES MAGISTRATE JUDGE**

28